# United States District Court

SOUTHERN **DISTRICT OF** FLORIDA

FILED by _____ D.C.

JUL 7 - 200·

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA

V.

RUDOLPH MCKENZIE, JR.

**CRIMINAL COMPLAINT**

CASE NUMBER: 00 - 4172-BSS

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ____June 28, 2000____ in ____Broward____ county, in the ____Southern____ District of ____Florida____ defendant(s) did, (Track Statutory Language of Offense) knowingly import into the United States from a place outside thereof a Schedule II narcotic controlled substance, a mixture and substance containing a detectable amount of cocaine and did possess with intent to distribute a Schedule II narcotic controlled substance, that is a mixture and substance containing a detectable amount of cocaine

in violation of Title ____21____ United States Code, Section(s) ____952 & 841(a)(1)____.

I further state that I am a(n) ____Special Agent with USCS____ and that this complaint is based on the following
Official Title

facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

July 7, 2000 at Ft. Lauderdale, FL
Date / City and State

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

AFFIDAVIT

I, Jeffrey S. Outlaw, being duly sworn, do hereby depose and state the following:

1. I am employed as a Special Agent with the United States Customs Service ("Customs"), United States Department of the Treasury, Ft. Lauderdale, Florida, and have been so employed since November 1992. Formerly, I was employed as a Special Agent of the U.S. Air Force Office of Special Investigations for four years. I am currently assigned to the South Broward Drug Enforcement Unit, a multi-agency task force involved in the investigation of narcotics smuggling and money laundering. I have received training and been assigned to conduct investigations of criminal violations of the United States Code as enumerated in Titles 18, 19, 21, 22, 31 and various other federal statutes. The following information is based upon my personal knowledge and that of my fellow agents and Customs Inspectors.

2. On June 28, 2000, U.S. Customs Inspectors in Fort Lauderdale, Florida, conducted an inbound inspection of passengers arriving into the United States at Fort Lauderdale International Airport from Kingston, Jamaica, onboard Air Jamaica Flight #89. One of the passengers inspected was RUDOLPH MCKENZIE. It was determined that MCKENZIE was traveling from Jamaica with another individual. During a secondary Customs inspection, a narcotic detection canine alerted to the individual traveling with MCKENZIE. Inspectors subsequently found that the individual was in possession of latex covered pellets which contained a white powdery substance which field tested positive for the presence cocaine. The pellets were discovered in the individuals' pants pockets and in his luggage. The individual stated that he was traveling with MCKENZIE.

3. MCKENZIE gave written consent for an X-ray of his abdominal area and was transported to the Broward General Hospital in Pompano Beach, FL for an X-ray and physical examination, where foreign bodies were detected in his intestinal tract. MCKENZIE had monitored bowel movements between June 28 and July 7, 2000, where he expelled 96 latex covered pellets. Each pellet contained a white powdery substance. A representative sample of the white powdery substance field tested positive for the presence of cocaine. The latex covered pellets had a combined weight of 2.1 pounds.

4. On July 7, 2000, MCKENZIE was advised of his Miranda warnings and waived same. MCKENZIE admitted that he was to receive $3,300 and airfare if he delivered the "cocaine" to the United States.

5. Your affiant submits that based on the facts there exists probable cause to believe that RUDOLPH MCKENZIE had in his possession and did knowingly import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21 United States Code, Section 952(a); and did knowingly and intentionally possess with the intent to distribute a Schedule II controlled substance,

2

that is, a mixture and substance containing a detectable amount of cocaine, in violation of 21 United States Code, Section 841(a)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT

JEFFREY S. OUTLAW, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE

Sworn to before me this 7th day of July, 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

3