UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6190-CR-DIMITROULEAS/Snow

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RUDOLPH McKENZIE,

        Defendant.

_____/



## DEFENDANT'S OBJECTION TO THE PRE-SENTENCE INVESTIGATION REPORT AND MOTION FOR DOWNWARD DEPARTURE

The Defendant, Rudolph McKenzie, through undersigned counsel, files his objection to the Pre-sentence Investigation Report (PSI) and respectfully moves for a downward departure from the otherwise applicable guideline offense level, and in support thereof, the defendant states:

### OBJECTION TO PRE-SENTENCE INVESTIGATION REPORT

#### Role Adjustment

Mr. McKenzie objects to the Probation Officer's failure to recommend a role reduction pursuant to U.S.S.G. § 3B1.2(b), which states: "If the defendant was a minor participant in any criminal activity, decrease by two levels." The accompanying commentary to U.S.S.G. § 3B1.2(b) states: " For purposes of § 3B1.2(b), a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." Mr. McKenzie respectfully submits that he is entitled to a two level minor role reduction.

The offense conduct section of the PSI establishes that Mr. McKenzie was no more than a courier. Mr. McKenzie's status as a courier does not presumptively preclude him from being



considered as minor participant. See United States v. De Varon, 175 F.3d 930, 943 (11th Cir.1999). In determining whether a drug courier is entitled to a role reduction, the district court should consider the following: the amount of drugs, the fair market value of the drugs, the equity interest in the drugs, the amount of drugs, role in planning the criminal scheme and role in the distribution. See Id. at 945.

In this case, Mr. McKenzie was recruited as a drug courier for a single smuggling transaction involving 634 grams of cocaine. See PSI ¶ 11. Mr. McKenzie was only to be paid $3,300.00 for his role in the offense. Mr. McKenzie did not participate in the planning of the smuggling transaction. Mr. McKenzie was propositioned by an individual he knew only as "J. P." "J. P." made the travel arrangements and arranged for Mr. McKenzie to meet Matt, the supplier of the cocaine, in Jamaica. See PSI ¶¶ 12-14. Mr McKenzie was to have no role in the distribution of the drugs once they were delivered to J.P. Mr. McKenzie's knowledge and understanding of the scope and structure of the cocaine smuggling enterprise was limited. Accordingly, Mr. McKenzie respectfully requests the Court to grant him a two level reduction as a minor participant pursuant to U.S.S.G. 3B1.2(b).

## MOTION FOR DOWNWARD DEPARTURE

Mr. McKenzie respectfully moves for a downward departure from the otherwise applicable guideline offense level because the offense level enhancements pursuant to U.S.S.G. 4B1.1(B) overstates the defendant's criminal history. The government agrees that a downward departure is warranted as evidenced by paragraph 8 of the plea agreement executed by the government and Mr. McKenzie.

The probation officer increased the Mr. McKenzie's base offense level from level 26 to level

2

34 pursuant to U.S.S.G. 4B1.1(B), the career offender provisions. Mr. McKenzie was previously convicted of attempted kidnaping and aggravated assault. In the attempted kidnaping case, Mr. McKenzie was only 17 years old and was originally charged as a juvenile. The case was eventually filed in adult court and Mr. McKenzie was initially sentenced to two years community control followed by three years probation. At the age of 18, Mr. McKenzie violated the community control sentence with the arrest for the aggravated assault. Mr. McKenzie received a concurrent sentence of four and one-half years for both offenses. See PSI ¶¶ 31-32.

A sentencing court may depart downward from the offense level axis and/or the criminal history axis of the sentencing table regardless of a defendant's career criminal status. See United States v. Webb, 139 F.3d 1390, 1395 (11th Cir.1998) (citing United States v. Shoupe, 35 F.3d 835, 839 ( 3rd Cir. 1994)). The guideline provision which authorizes the departure is U.S.S.G. § 4A1.3. This provision permits a sentencing court to depart if reliable information indicates that the criminal category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crime. See U.S.S.G. § 4A1.3; Webb, 139 F.3d at 1395. In addition, a sentencing court may depart pursuant to 18 U.S.C. 3553 (b) upon finding a mitigating circumstance of a kind, or degree, not adequately taken into consideration by the Sentencing Commission.

In this case, Mr. McKenzie committed two prior violent offenses during an 18 month period when 17 and 18 years old. He received concurrent sentences for the offenses and the two offenses account for all of his criminal history points. Mr. McKenzie has served only one state prison sentence and has not had any brushes with the law since his release from that sentence. In addition, the instant offense involved less than one kilogram of cocaine. Under the career offender guidelines,

3

Mr. McKenzie's sentencing range is 188-235 months. Mr. McKenzie respectfully submits that a sentence pursuant to the career offender provisions would over-represent seriousness of his criminal history and the likelihood that he will commit future crimes. See United States v. Senior, 935 F.2d 149 (8th Cir. 1991).

In the Senior case, the Eighth Circuit upheld a districts court's downward departure from a career offender guideline range of 292-365 months to a mandatory minimum sentence of 120 months. Senior, 935 F.2d at 150-151. The Senior defendant was charged with possessing cocaine base in excess of 5 grams. His prior convictions included three prior robberies at age 20 and two controlled substance offenses at age 24. Id. Senior received a concurrent twelve-year sentence for the burglaries and a concurrent six-year sentence for the controlled substance offenses. The district court concluded it had the power to depart based upon U.S.S.G. 4A1.3.

In affirming the district court's downward departure, the Eighth Circuit held that overstatement of the seriousness of the defendant's criminal history was a circumstance unusual enough to warrant departure. Id at 151. The Senior court reasoned that the district court properly considered the historical facts of the defendant's criminal career, including the defendant's age when committing the offenses and the state court's assessment of the seriousness of the crimes. Id.

Here, Mr. McKenzie committed two prior offenses, for which he received concurrent sentences, at a young age within a relatively short period of time. Accordingly, under the rationale of Senior, this Court may downward depart from the career-offender provisions of the Sentencing Guidelines. See also, United States v. Rivers, 50 F.3d 1126 (2d Cir. 1995) (sentencing judge may depart from offense level or criminal history category if career offender provisions over-represent seriousness of defendant's prior record); United States v. Fletcher, 15 F.3d 553 (6th Cir. 1994)

4

(sentencing court may take age of prior convictions into account when considering defendant's likelihood or recidivism); United States v. Clark, 8 F.3d 839 (D.C. Cir. 1993) (sentence at guideline level without career offender increases not arbitrary where sentencing court decided that career offender over-represented defendant's criminal history); United States v. Bowser, 941 F.2d 1019 (10th Cir. 1991) (downward departure from career criminal status justified when defendant committed prior offenses at age 20 and received a concurrent sentence).

WHEREFORE, the defendant, Rudolph McKenzie, requests that this court sustain his objection to the Pre-sentence Investigation Report and grant his Motion for Downward Departure and impose a sentence which is consistent with the facts and arguments set forth above.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Daryl E. Wilcox
Assistant Federal Public Defender
Florida Bar No. 838845
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
Tel: (954) 356-7436 ext. 112

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing instrument was mailed this 18th day of October, 2000 upon: Jeffrey Kay, Assistant United States Attorney, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301.

_____
Daryl E. Wilcox

5