UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6190-CR-DIMITROULEAS/Snow

UNITED STATES OF AMERICA,

Plaintiff,

vs.

RUDOLPH McKENZIE,

Defendant.

_____/



## ADDENDUM TO DEFENDANT'S OBJECTION TO THE PRE-SENTENCE INVESTIGATION REPORT AND MOTION FOR DOWNWARD DEPARTURE

The Defendant, Rudolph McKenzie, through undersigned counsel, files this Addendum to

his Objection to the Pre-sentence Investigation Report (PSI) and Motion for Downward Departure

and states as follows:

### Paragraph 31 of the PSI

Mr. McKenzie submits that the probation officer's account of the facts underlying the

conviction for attempted kidnaping is misleading. Mr. McKenzie states he and the co-defendant,

Garfield Seymour picked up two prostitutes in an automobile that Mr. McKenzie was driving. The

prostitutes explained to Mr. McKenzie and the co-defendant that it would cost each of them $20.00

for sexual favors. The sex acts were consensual and when the prostitutes insisted on being paid,

Seymour threatened them with an inoperable .22 caliber pistol. The pistol was inoperable because

the cylinder had been removed. At no time during this offense did Mr. McKenzie possess the

firearm or threaten to harm either victim. Attached as defendant's exhibit A is the police narrative



of the offense. Attached as defendant's exhibit B are court documents from victim Janet Nickerson's

arrest for cocaine and drug paraphernalia. Attached as defendant's exhibit C are court documents

from victim Sherry Hodges' arrest for throwing a deadly missile. The fact that Mr. McKenzie was

only convicted of misdemeanor battery and attempted kidnaping and both Nickerson and Hodges

have criminal records lend some credence to Mr. McKenzie's account of the event.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By:    Daryl E. Wilcox
Assistant Federal Public Defender
Florida Bar No. 838845
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
Tel:   (954) 356-7436 ext. 112

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing instrument was mailed this day of
November, 2000 upon: Jeffrey Kay, Assistant United States Attorney, 299 E. Broward Blvd., Fort
Lauderdale. Florida 33301 and Patrick Hogan, United States Probation Officer, 505 S. 2nd Street,
Suite 320, Fort Pierce, Florida 34950.

Daryl E. Wilcox

Agency Name
**CITY OF FT. PIERCE POLICE DEPARTMENT**
Case Reference
RAPE BY FORCE-KIDNAPPING/JANET NICKERSON

THIS DET. WAS SUMMONED BY 911 TO RESPOND TO LAWNWOOD MEDICAL CENTER, AT APPROXIMATELY 300 HRS., ON 031991 IN REGARDS TO A SEXUAL BATTERY. ALSO WAS ADVISED THAT OFFICERS HAD STOPPED THE SUSPECTS VEHICLES AT CEDAR PLACE AND SR 5 AND OFFICER THIBEDEAU WAS AT THE HOSPITAL WITH THE VICTIM. THIS DET. THEN GOT IN MY CAR AND WAS GOING TO GO BY SR 5 AND CEDAR PLACE FIRST TO ASCERTAIN THE SITUATION THERE AND SEE WHAT SUSPECTS WE HAD AT THE SCENE. ON ROUTE I MADE A DECISION TO HAVE THE VICTIM AT THE HOSPITAL, BROUGHT BACK TO THE SCENE TO IDENTIFY THE SUBJECTS. ALTHOUGH THE VICTIM HAD GIVEN A DETAILED CLOTHING AND VEHICLE DESCRIPTION WHEN SHE FIRST REPORTED THE CRIME AND THIS IS WHAT LED THE OFFICERS TO STOP THE VEHICLE. ON ROUTE I WAS ADVISED BY THE DISPATCHER THAT THE SUBJECTS HAD MADE STATEMENTS, ADMITTING TO HAVING SEX WITH THE VICTIM BUT IT WAS CONSENTUAL. I CONTINUED ON TO THE SCENE WHERE WE TOOK PHOTOGRAPHS, VIA POLOROID CAMERA, OF THE SUSPECTS CAR AND THE SUSPECTS. I HAD THE SUSPECTS DETAINED AND BROUGHT TO THE POLICE DEPARTMENT. THE SUSPECTS CAR WAS TOWED TO ALL AMERICAN TOWING AND A HOLD WAS PLACED ON THE VEHICLE PENDING THE COMPLETION OF MY INVESTIGATION. OFFICERS PRESENT AT THE SCENE, AT THE TIME OF THE TRAFFIC STOP WERE SGT. AL WASHINGTON OF THE SHERIFF'S DEPT., DEPUTY COLTON OF THE SHERIFF'S DEPT., DEPUTY BRET WILKES OF THE SHERIFF'S DEPT., ALSO PRESENT WAS SGT. KEVIN BURBAN OF THE FPPD. AFTER CLEARING THE SCENE OF THE STOP I WENT TO LAWNWOOD MEDICAL CENTER AND MADE CONTACT WITH THE VICTIM. KATHY OF SEXUAL ASSAULT HAD RESPONDED. I PRESENTED THEM WITH A RAPE KIT TO BE USED ON EXAMINATION OF THE VICTIM. THE VICTIM WAS EXAMINED AND THE RAPE KIT DONE, THAT KIT WAS TURNED OVER TO THIS DET. WHO IN TURN, TURNED THE KIT OVER TO DOUG HEINMILLER ON THE SAME DATE 031991, AS HE WAS GOING TO BE THE EVIDENCE COLLECTION PERSON. DET. HEINMILLER ALSO WENT DOWN AN PROCESSED THE DEFENDANTS STATION WAGON THAT WAS ON HOLD AT ALL AMERICAN TOWING. HE FOUND FEMALE CLOTHING ON THE BACK SEAT IN THE BACK PART OF THE STATION WAGON, WHICH WAS ALL TAKEN INTO EVIDENCE. YOU WILL HAVE TO SEE HIS REPORTS FOR ADDITIONAL INFORMATION. AFTER THE KIT WAS DONE ON JANET NICKERSON, DET. DID TKE TAPED INTERVIEW FROM HER REGARDING THE INCIDENT. SHE TOLD US THAT SHE WAS AT 13TH & D THE SUBJECTS PULLED UP, OFFERED HER A

| Officer(s) Reporting | | | | ID. Number(s) | Unit | Date |
|---|---|---|---|---|---|---|

| Officer Reviewing (if Applicable) | ID. Number | Routed To | Referred To | Assigned To | By | Date |
|---|---|---|---|---|---|---|
| DET. TEDDER | | 524 | | | | MARCH 22, |

Exhibit A

**NARRATIVE CONTINUATION**

PAGE 2

| Agency ORI Number | Agency Name | Agency Report Number |
| --- | --- | --- |
| FLO | | 9140300936 |

| Original Date Reported | Case Reference |
| --- | --- |
| 031991 | RAPE BYFORCE-KIDNAPPING/JANET NICKERSON |

RIDE DOWN TO BOBBI JOS, SHE GOT INT HE CAR THEY PROCEEDED EAST ON AVE D.
THEY PASSED BOBBI JOS GOING REAL FAST, SHE SAID "HEY YOU PASSED IT LET
ME OUT" THATS WHEN THE DEFENDANT, SEYMOUR PRESENTED THE GUN.   THE
VICTIM WAS IN FEAR.   THEY CONTINUED DRIVING ON TO THE SOUTH BEACH A
LITTLE PAST THE SOUTH BRIDGE WHERE THE SEXUAL BATTERY OCCURRED.   INSIDE
THE CAR WERE SEYMOUR AND ALSO OUTSIDE THE CAR WAS RUDY MCKINZIE.
DURING THIS INCIDENT THE VICTIM WAS IN FEAR.   THEY THREATENED TO
KILL HER IF SHE DIDN'T DO WHAT THEY SAID, AND THAT IS WHY SHE DID WHAT
THEY SAID.   SHE SAID SHE GAVE THEM BOTH ORAL SEX AND VAGINAL SEX WITH
HER ALSO.   BOTH YOUNG MEN.   AFTER GETTING, AFTER THE SEX ACTS WERE
COMPLETED JANET THEN RAN TO A HOUSE, FROM THE SUSPECTS, WHERE SHE WAS
ABLE TO CALL THE POLICE AND THE SUSPECTS FLED IN THE CAR. WHILE WE WERE
IN THE PROCESS OF HANDLING JANET NICKERSONS CASE AT LAWNWOOD MEDICAL
CENTER, I WAS ADVISED BY OFCR. THIBEDEAU THAT A SECOND SEXUAL BATTERY
VICTIM HAD BEEN FOUND ON NORTH A1A BY THE MOORINGS, WHICH IS JUST
INSIDE THE INDIAN RIVER COUNTY LINE, BY A MOORING SEXURITY GUARD.
INDIAN RIVER COUNTY SHERIFF'S DEPUTY RESPONDED.   THE INFORMATION THAT
THAT VICTIM GAVE FOR DESCRIPTION OF VEHICLE AND PERSON WAS IDENTICAL TO
THAT OF THE SUSPECTS THAT WE ALREADY HAD IN CUSTODY.   THE SHERIFF'S
DEPUTY, DEPUTY MIKE COLTON WENT UP AND PICKED UP THE VICTIM FROM INDIAN
RIVER COUNTY LINE AT THE MOORINGS AND BROUGHT HER BACK TO MEDICAL
CENTER, WHERE HE TURNED HER OVER TO ME.   THAT WILL BE A RELATED CASE
#914-300937.   YOU WILL HAVE TO SEE THAT FILE FOR ADDITIONAL INFORMATION
BUT IN FACT THE SAME SUSPECTS WERE IDENTIFIED IN THAT CASE BY THE
VICTIM SHERRI HODGES, WHO WAS THE ONE THAT RAPED HER ALSO.   GETTING
BACK TO JANET NICKERSON, WE COMPLETED OUR INVESTIGATION WITH HER, WE
THEN DID THE RAPE KIT ON SHERRI HODGES.   IN THE MEANTIME I HAD GONE
BACK TO THE POLICE DEPARTMENT AND INTERVIEWED BOTH SUSPECTS IN THE
CASE.   BOTH OF THEM ARE YOUNG BLACK MALES.   RUDY MCKENSIE AGE 17 AND
SEYMOUR GARFIELD, AGE 16.   I INTERVIEWED BOTH THESE YOUNG MEN HERE AT
FPPD.   THEY BOTH SIGNED A MIRANDA WAIVER.   BOTH SUSPECTS STATEMENTS
WERE TAPED.   THE FIRST PERSON I INTERVIEWED WAS RUDY MCKENZIE.   HE
ADMITTED THAT THEY PICKED THE GIRL UP AT 13TH & D.   HE SAID THERE WAS
NO FORCE ON THEIR PART TO HAVE SEX WITH THESE GIRLS THAT IT WAS

Report Contains                                                  Related Report Number(s)

| Officer(s) Reporting | | | | ID. Number(s) | Unit | Date |
| --- | --- | --- | --- | --- | --- | --- |

| Officer Reviewing (if Applicable) | ID. Number | Routed To | Referred To | Assigned To | By | Date |
| --- | --- | --- | --- | --- | --- | --- |
| DET. TEDDER | 524 | | | | MARCH 22, 1991 | |

| Case Status | Clearance Type | | | Date Cleared | Arrest Number | Number Arrested |
| --- | --- | --- | --- | --- | --- | --- |
| | 1 Arrest  3. Unfounded  2. Exceptional | A-Adult  J-Juvenile | | | | |

| Exception Type | 2. Arrest on Primary | 3. Death of Offender | 5. Prosecution Declined | OBTS Number | Page | Page |
| --- | --- | --- | --- | --- | --- | --- |
| Extradition Declined | Offense Secondary Offense Without Prosecution | 4. VW Refused to Cooperate | 6. Juvenile / No Custody | | | of |

| Agency ORI Number | Agency Name | | Agency Report Number 9140300936 | |
|---|---|---|---|---|

| Original Date Reported 031991, | Case Reference RAPE BY FORCE-KIDNAPPING/JANET NICKERSON |
|---|---|

STRICKLY CONSENTUAL.  AS WE CONTINUED THE QUESTIONING MCKENSIE BEGAN TO

GIVE MORE AND MORE INCRIMINATING INFORMATION, SUCH AS HE TOLE ME THAT

WHEN THEY WERE THROUGH HE TOLD THE GIRL THAT SHE WAS FREE GO GO. THIS

INTERVIEW COVERED BOTH VICTIMS, SHERRI HODGES AND JANET KNICKERSON.

MCKENSIE TOLD ME THAT THEY PICKED UP HODGES FIRST IN THE AREA US 1 AND

AVE D AND TAKEN TO SOUTH BEACH AND HAD SEX WITH HER.   THEN OVER TO THE

NORTH BEACH WHERE THEY HAD SOME SEX WITH HER AND THEN THEY LET HER GO.

BOTH  MEN  SAID  INITIALLY  THAT  THERE  WAS  NO  FORCED  USED.    AS  THE

INTERROGATION CONTINUED IT BECAME EVIDENT THAT THERE WAS MORE TO IT

THEN  THEY  WERE  TELLING  ME  AND  BEGAN  TO  GIVE  ME  LITTLE  BITS  OF

INFORMATION THAT WAS VERY INCRIMINATING UNTIL FINALLY OT POINT WHERE HE

SAID THAT ONE OF THE VICTIMS WAS CRYING AND THAT HE TOLD HER THAT HE

WASN'T GOING TO HURT HER, IN FACT HE TOLD ME BOTH VICTIMS AND HE DIDN'T

WANT ANY PART OF THIS AFTER HE HAD ALREADY SEXUALLY BATTERED THEM.   HE

STATES THAT THE VICTIM WAS RELEASED ON THE NORTH BEACH AND THEN THEY

WENT BACK OVER AND PICKED UP ANOTHER WOMAN, THATS WHEN THEY WENT BACK

AND  PICKED  UP  JANET  NICKERSON,  SHERRI  HODGES  WAS  THE  FIRST  ONE  THEY

PICKED. ABOUT A HOUR AND A HALF AFTER THEY PICKED UP SHERRI THEY WENT

BACK AND PICKED UP JANET.   IN JANETS CASE THEY TOOK HER OVER TO THE

SOUTH BEACH AND SEXUALLY BATTERED HER AT GUN POINT.   SHE WAS IN GREAT

FEAR.   SUBSEQUENTLY SHE MANAGED TO RUN FROM THEM TO A HOUSE AND CALL

THE POLICE AND THEY FLED.  IN BOTH CASES, MCKENSIE ADMITS TO HAVING SEX

WITH BOTH THE GIRLS, BOTH ORALLY AND VAGINALLY.   IN ADDITION AS THE

INTERVIEW INCREASED HE DID FINALLY ACKNOWLEDGE THAT THERE WAS A GUN IN

THE CAR, BUT THE GUN DID NOT HAVE A CYLINDER.   AS IT WAS A REVOLVER AND

IT DID NOT HAVE A CYLINDER.   THE INTERVIEW CONTINUED WITH MCKENSIE, HE

TOLD ME HE COULD SHOW ME WHERE HIS FRIEND THREW THE REVOLVER OUT, HE

KNEW WHERE IT WAS.   HE WOULD BE WILLING TO SHOW US.    I HAD OFCR.

THIBEDEAU TAKE MCKENSIE OUT, HE WAS UNDER ARREST AT THAT TIME, OF

COURSE, WITH THE CHAINS, WE HAD LEG CHAINS AND HANDCUFFS ON HIM.   THEY

WENT OUT AND OFCR. THIBEDEAU DID RECOVER THE REVOLVER, MINUS THE

CYLINDER AS MCKENSIE HAD SAID.   PHOTOGRAPHS WERE TAKEN BEFORE IT WAS

PICKED UP.  THIS REVOLVER WAS THEN PICKED UP BY THIBEDEAU AND PLACED IN

A BAG AND THEN TURNED OVER TO ME, DET. TEDDER.  AFTER MCKENSIE'S INTER-

| Officer(s) Reporting | | | | ID. Number(s) | Unit | | Date |
|---|---|---|---|---|---|---|---|
| Officer Reviewing (If Applicable) DET. TEDDER | ID. Number #524 | Routed To | Referred To | Assigned To | By | MARCH 22, 1991 | Date |
| Case Status | Clearance Type 1. Arrest 2. Exceptional | 3 Unfounded | A-Adult J-Juvenile | Date Cleared | Arrest Number | | Number Arrested |
| Exception Type 1. Extradition Declined | 2 Arrest on Primary Offense Secondary Offense Without Prosecution | 3. Death of Offender 4. V/W Refused to Cooperate | 5. Prosecution Declined 6. Juvenile / No Custody | OBTS Number | | Page | of |

| Agency ORI Number | Agency Name | Agency Report Number |
|---|---|---|
| | | 9140300936 |

| Original Date Reported | Case Reference |
|---|---|
| 031991 | RAPE BY FORCE-KIDNAPPING/JANET NICKERSON |

VIEW, I THEN INTERVIEWED SEYMOUR GARFIELD. GARFIELD STARTED OUT ADMITTING TO HAVING SEX WITH BOTH GIRLS, HE SAID IT WAS ALL CONSENTUAL. HE DENIED HAVING A GUN, HE SAID THERE WAS NO GUN IN THE CAR AND NO FORCE WAS USED OF ANY KIND. I THEN CONFRONTED HIM WITH THE FACT THAT MCKENSIE HAD TOLD ME ABOUT THE GUN AND ALL THE STATEMENTS THAT MCKENSIE HAD MADE. GARFIELD DIDN'T BELIEVE THAT MCKENSIE SAID THAT, SO I PLAYED BACK THE INTERVIEW THAT MCKENSIE GAVE ME TO GARFIELD. AT THAT POINT GARFIELD FINALLY ADMITTED THAT HE DID HAVE A GUN THAT IT DIDN'T HAVE CYLINDER. ALTHOUGH HE DOES DENY THAT THEY EVER THREATENED THE GIRLS WITH THE GUN AND THAT THEY USED ANY FORCE, THAT IT WAS CONSENTUAL. THAT WAS HIS CONTENTION. ALTHOUGH NO MONEY CHANGED HANDS BETWEEN THE PARTIES. OF COURSE YOU HAVE BOTH VICTIMS SAYING THEY HAD BEEN RAPED AT GUNPOINT AND WE HAVE THE INCRIMINTING STATEMENTS BY MCKENSIE AND THE FIREARM. GARFIELD PRETTY MUCH COOPERATED WHAT MCKENSIE SAID BUT HE DID NOT GO IN DEPTH AS THE FACT THAT THESE GIRLS MADE ANY STATEMENTS ABOUT DON'T HURT ME AND THIS SORT OF THING. BUT AGAIN, BOTH STATEMENTS WERE TAPED. THE SUBJECTS WERE THEN ARRESTED AND TURNED OVER TO THE DETENTION AUTHORITIES, JUVENILE AUTHORITIES. EACH SUBJECT WAS CHARGED WITH TWO COUNTS ARMED KIDNAPPING (2 COUNTS), ARMED SEXUAL BATTERY (2 COUNTS). ALL THE EVIDENCE, RAPE KITS, CLOTHING RECOVERED AT HOSPITAL AND OUT OF THE CAR, AND THE GUN WAS TURNED OVER TO DET. HEINMILLER FOR PROCESSING AT WHICH POINT HE WILL SEND ALL THE EVIDENCE OUT TO THE LAB. THIS SAME NARRATIVE CAN ALSO COVER #9140300937, WHICH IS THE SHERRI HODGES CASE. BOTH SUBJECTS STATEMENTS WERE ABOUT THE SAME, IN BOTH CASES AND THE ACTUAL PARTS OF THEIR STATEMENTS, AGAIN, COVER BOTH CASES. BRIEFLY IN THE SHERRI HODGES CASE, SHE STATES THAT SHE WAS ACTUALLY PHYSICALLY ABDUCTED AT GUN POINT, WHEN THE CAR PULLED UP TO HER THEY TOLD HER TO GET IN THE CAR, SHE SAID NO, AT ONE POINT GARFIELD JUMPED OUT WITH THE GUN AND THREATENED HER TO MAKE HER GET IN THE BACK SEAT OF THE CAR. THAT IS WHEN THEY DROVE. THEIR MO WAS THE SAME THEY USED THE SAME CAR, WENT OVER TO THE BEACH, HAD ORAL AND VAGINAL SEX WITH HER AND THAT SHE IS THE ONE THEY TOOK OVER TO NORTH BEACH AND DUMPED OFF. BOTH DEFENDANTS STATED THAT NO COCAINE WAS USED IN THE CAR AS DID THE VICTIMS. THIS DET. DID NOTIFY THE PARENTS OF BOTH

| Report Contains | | | Related Report Number(s) |
|---|---|---|---|

| Officer(s) Reporting | | ID. Number(s) | Unit | Date |
|---|---|---|---|---|

| Officer Reviewing (if Applicable) | ID. Number | Routing To | Referred To | Assigned To | By | Date |
|---|---|---|---|---|---|---|
| DET. TEDDER | #524 | | | | MARCH 22, 1991 | |

| Case Status | Clearance Type | Date Cleared | Arrest Number | Number Arrested |
|---|---|---|---|---|
| | 1 Arrest   3 Unfounded   A-Adult | | | |
| | 2 Exceptional   J-Juvenile | | | |

| Exception Type | 2 Arrest on Primary | 3 Death of Offender | 5 Prosecution Declined | OBTS Number | Page | Page |
|---|---|---|---|---|---|---|
| 1. Extraction Declined | Offense Secondary Offense Without Prosecution | 4. V/W Refused to Cooperate | 6. Juvenile / No Custody | | | of |

| Agency ORI Number | Agency Name | | Agency Report Number |
|---|---|---|---|
| | | | 9140300936 |

| Original Date Reported | Case Reference |
|---|---|
| 031991 | RAPE BY FORCE-KIDNAPPING/JANET NICKERSON |

YOUTHS AT APPROXIMATELY 7:00AM. ON SEYMOUR WE DIDN'T HAVE A PHONE NUMBER ON HIS GRANDFATHER WHO HE WAS LIVNG WITH. WE FINALLY FOUND OUT THAT HIS MOTHER WAS A BUS DRIVER AND WE MANAGED TO CONTACT THE STEPFATHER WHO IN TURN GOT A HOLD OF THE MOTHER. WE ADVISED HER OF THE SITUATION ALSO. WE ADVISED MCKENSIE'S PARENTS ALSO. SO THE BOTTOM LINE IN THIS CASE IS BOTH CASES ARE CLEARED BY ARREST. WE HAVE TAPED STATEMENTS FROM BOTH SUSPECTS AND BOTH VICTIMS. ALL EVIDENCE TURNED OVER TO DET. HEINMILLER. SAME DATE 031991 I RELEASED A HOLD ON THE STATION WAGON SO MCKENSIE'S FATHER COULD PICK THE CAR UP. AS OF NOW WE WILL BE AWAITING THE EVIDENCE, CRIME SCENE INFORMATION FROM DET. HEINMILLER WHICH WILL BE PLACED WITH EACH CASE FILE. THAT WILL BE THE END OF THE INVESTIGATION. THESE CASES ARE CLEARED BY ARREST AND WE WILL ALSO CONDUCT WHATEVER APPROPRIATE TESTS NECESSARY VIA THE LAB RE-QUESTS FROM THE STATE ATTORNEY, WITH THE EVIDENCE.

| Report Contains | | | | Related Report Number(s) |
|---|---|---|---|---|
| Officer(s) Reporting | | | ID. Number(s) | Unit |
| Officer Reviewing (if Applicable)    DET. TEDDER | ID. Number | Routed To  #524 | Referred To | Assigned To    MARCH 22, 1991   By |
| Case Status | Clearance Type  1 Arrest  2 Exceptional  3. Unfounded | A- Adult  J-Juvenile | Date Cleared | Arrest Number |
| Exception Type  1 Extradition  Declined | 2 Arrest on Primary  Offense Secondary Offense  Without Prosecution | 3 Death of Offender  4 V/W Refused to  Cooperate | 5 Prosecution Declined  6 Juvenile / No Custody | OBTS Number |

cr-06190-WPD    Document 34    Entered on FLSD Docket 11/13/2000    P



**ARREST AFFIDAVIT**

NICKERSON    JANET

88407-04942    1701 N. 12ST    FT. PIERCE

**PROBABLE CAUSE**

SUMMARY OF OFFENSES AND PROBABLE CAUSE AFFIDAVIT
The above named defendant was arrested for the following rea...

THE ABOVE DEFENDANT WAS OBSERVED TAKING
ONE (1) COCAINE SMOKING PIPE FROM HER PEA
WITH HER RIGHT HAND, THE DEF THEN THREW THE
PIPE TO THE GROUND WHEN THIS OFFICER APPROACH
ED HER. THIS OFFICER DID PICK-UP THE SAME
PIPE FROM THE GROUND AND ARRESTED THE DEF
ON THE ABOVE CHARGES. FIELD TEST POSITIVE FOR
COCAINE RESIDUE IN PIPE.

Assigned To
Judge Smith

Exhibit B



IN THE COUNTY COURT OF THE
NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY,
FLORIDA

CASE NO. (S) : _____

STATE OF FLORIDA

VS

~ Janet Eunnise Nickerson

Defendant

### FIRST APPEARANCE FORM

1.   I understand that I have been arrested for the following
     criminal offense(s):

(a)   Possession of Cocaine
(b)   Possession of Cocaine Pura
(c)   Tampering with Evidence
(d)   _____
(e)   _____
(f)   _____

2.   I understand that bail, if allowable, has been set for
     the above-mentioned criminal offense(s) as follows:

(a)   $1000   for the criminal offense specified in
      paragraph 1.(a) above.

(b)   $50    for the criminal offense specified in
      paragraph 1.(b) above.

(c)   $5000   for the criminal offense specified in
      paragraph 1.(c) above.

(d)   _____   for the criminal offense specified in
      paragraph 1.(d) above.

(e)   _____   for the criminal offense specified in
      paragraph 1.(e) above.

(f)   _____   for the criminal offense specified in
      paragraph 1.(f) above.

3.   I understand that I have the right to remain silent and
     anything I say may be used against me.

IN THE CIRCUIT COURT for the Nineteenth Judicial Circuit of the State of
Florida, for St. Lucie County of the Third Quarter Term thereof, in the
year of our Lord One Thousand Nine Hundred and Eighty Eight

|  |  |  |
|---|---|---|
| STATE OF FLORIDA | ) | Case No. 88-2264-CF |
|  | ) |  |
| vs | ) |  |
|  | ) | INFORMATION FOR: |
| JANET NICKERSON | ) |  |
|  | ) | CT. I:  POSSESSION OF CONTROLLED SUBSTANCE, |
|  | ) |        F.S. 893.13(1)(f) |
|  | ) | CT. II: POSSESSION OF DRUG PARAPHERNALIA, |
| Defendant(s) | ) |        F.S. 893.147 |
|  | ) |  |

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:
    BE IT REMEMBERED that BRUCE H. COLTON, State Attorney for the
Nineteenth Judicial Circuit of the State of Florida, prosecuting for the
State of Florida, in St. Lucie County, under oath, information makes that
JANET NICKERSON on JULY 27, 1988 in the county of St. Lucie and State of
Florida did then and there, feloniously have in his/her actual or
constructive possession or controlled substance, to-wit: cocaine or any
mixture containing cocaine, in violation of Florida Statute 893.13(1)(f);

CT II:   BE IT REMEMBERED that BRUCE H. COLTON, State Attorney for the
Nineteenth Judicial Circuit of the State of Florida, prosecuting for the
State of Florida, in St Lucie County, under oath, information makes that
JANET NICKERSON on JULY 27, 1988 in the county of St Lucie and State of
Florida did unlawfully use or possess with the intent to use, drug
paraphernalia, to-wit: cocaine smoking pipe, to ingest, inject, inhale or
to otherwise introduce a controlled substance into the human body, in
violation of Florida Statute 893.147;

contrary to the form of the Statute in such case made and provided, and
against the peace and dignity of the State of Florida.

                                    _Donald S. Reisman_
                                    Assistant State Attorney for the
                                    Nineteenth Judicial Circuit of
                                    Florida, prosecuting for said State

STATE OF FLORIDA
County of St. Lucie

    Personally appeared before me DONALD S. REISMAN, Assistant State
Attorney for the Nineteenth Judicial Circuit of the State of Florida, who
being first duly sworn, says that the allegations as set forth in the
foregoing information are based upon facts that have been sworn to as
true, by the material witness(es), and which, if true, would constitute
the offense(es) therein charged; that the said Assistant State Attorney
further says that this prosecution is made in good faith.

                                    _Donald S. Reisman_
                                    Asst State Atty. 19th Jud. Cir.

Sworn to and subscribed before me this  3rd  day of August, 1988.

                                    _Notary Public_
                                    Notary Public State of Florida
                                    My Commission Expires Aug. 28, 1989

STATE OF FLORIDA                    )

vs.                                 )

JANET NICKERSON                     )        CASE NO. 88-2266-CF

                                    )

        Defendant(s)                )

## NO INFORMATION

COMES NOW the State of Florida, by and through Bruce H. Colton, its undersigned State Attorney and files this, its NO INFORMATION, in the above-styled cause wherein the Defendant is charged with CT. III: TAMPERING WITH EVIDENCE.

Dated this ____ day of August, 1988.

RESPECTFULLY SUBMITTED,
Bruce H. Colton, State Attorney

By: _____
DONALD S. REISMAN
Assistant State Attorney
P.O. Drawer 4401
Ft. Pierce, Florida 34948
Phone (305) 465-3000

STATE OF FLORIDA )
        Plaintiff, )    Case No. __88-226 4__

vs. )    **PETITION TO ENTER PLEA OF NOLO CONTENDERE**

Janet Nickerson )
        Defendant )

1. I, __Janet Nickerson__

above-named defendant in this criminal action, wish to enter a plea
of NOLO CONTENDERE. I declare that:

    1. I am __28__ years old.

    2. I have completed the __12__ grade in school.

    3. I am represented by an attorney whose name is
__Michael La Dermutt__.

    4. I specifically state:

        (✓) I have never been committed to a mental institution
        as mentally ill or incompetent for a
        period of time.

        ( ) I have been a mental patient. Explain: _____

        however, I am competent and in possession of all
        my faculties.

    5. I am not currently using drugs or alcohol to such
an extent that it would interfere with my understanding of these court
proceedings.

    6. I wish to withdraw my prior plea of not guilty and
plead nolo contendere to the charge(s) of __Possession of Paraphernalia in count II__
__I understand that the State is to__
__nolle-prosh count I, i.e. Possession Controlled__
__Substance. I understand that if the__
__Court accepts this agreement that I__
__will be sentenced to time-served (56).__

Defendant ___ JANET NICKERSON ___

Case Number ___ 88-2264-CR ___

**Consecutive/Concurrent**
**(As to other convictions)**

It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run ☐ consecutive to ☐ concurrent with (check one) the following

☐ Any active sentence being served.

☐ Specific sentences: _____

_____

_____

_____

In the event the above sentence is to the Department of Corrections, the Sheriff of _____ County, Florida is hereby ordered and directed to deliver the Defendant to the Department of Corrections together with a copy of this Judgment and Sentence.

The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.

In imposing the above sentence, the Court further recommends _____

_____

_____

DONE AND ORDERED in Open Court ... A.D, 19 88

_____
**JUDGE**

Defendant ___JANET NICKERSON___

Case Number ___88-2264-CP___

# SENTENCE

(As to Count ____II____)

The Defendant, being personally before this Court, accompanied by his attorney, ___ASST PUBLIC DEFENDER___

___MICHAEL MCDERMOTT___, and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he should not be sentenced as provided by law, and no cause being shown.

☐ and the Court having on _____ deferred imposition of sentence
(date)
until this date.

(Check either provision, if applicable)

☐ and the Court having placed the Defendant on probation and having subsequently revoked the Defendant's probation by separate order entered herein.

IT IS THE SENTENCE OF THE LAW that:

☐ The Defendant pay a fine of $_____, plus $_____ as the 5% surcharge required by F.S. 960.25.

☐ The Defendant is hereby committed to the custody of the Department of Corrections
☐ The Defendant is hereby committed to the custody of the Sheriff of ___ST. LUCIE___ County, Florida

To be imprisoned (check one; unmarked provisions are inapplicable)

☐ For a term of Natural Life
☒ For a term of ___FIFTY SIX (56) DAYS___
☐ For an indeterminate period of 6 months to _____ years.

☐ Followed by a period of _____ on probation under the supervision of the Department of Corrections according to the terms and conditions of probation set forth in a separate order entered herein.

If "split" sentence complete either of these two paragraphs

☐ However, after serving a period of _____ imprisonment in _____ the balance of such sentence shall be suspended and the Defendant shall be placed on probation for a period of _____ under supervision of the Department of Corrections according to terms and conditions of probation set forth in a separate order entered herein.

By appropriate notation, the following provisions apply to the sentence imposed in this section.

| | |
|---|---|
| Firearm — 3 year mandatory minimum | ☐ It is further ordered that the 3 year minimum provisions of F.S. 775.087(2) are hereby imposed for the sentence specified in this count, as the Defendant possessed a firearm. |
| Drug Trafficking — mandatory minimum | ☐ It is further ordered that the _____ year minimum provisions of F.S. 893.135(1)( )( ) are hereby imposed for the sentence specified in this count. |
| Retention of Jurisdiction | ☐ The Court pursuant to F.S. 947.16(3) retains jurisdiction over the defendant for review of any Parole Commission release order for the period of _____. The requisite findings by the Court are set forth in a separate order or stated on the record in open court. |
| Habitual Offender | ☐ The Defendant is adjudged a habitual offender and has been sentenced to an extended term in this sentence in accordance with the provisions of F.S. 775.084(4)(a). The requisite findings by the court are set forth in a separate order or stated on the record in open court. |
| Jail Credit | ☒ It is further ordered that the Defendant shall be allowed a total of ___56 DAYS___ credit for such time as he has been incarcerated prior to imposition of this sentence. Such credit reflects the following periods of incarceration (optional): |
| Consecutive/Concurrent | It is further ordered that the sentence imposed for this count shall run ☐ consecutive to ☐ concurrent with (check one) the sentence set forth in count _____ above. |

| | | |
|---|---|---|
| Imposition of Sentence Stayed and Withheld (Check if Applicable) | ☐ | The Court hereby stays and withholds the imposition of sentence as to count(s) _____ and places the Defendant on probation for a period of _____ under the supervision of the Department of Corrections (conditions of probation set forth in separate order.) |
| Sentence Deferred Until Later Date (Check if Applicable) | ☐ | The Court hereby defers imposition of sentence until _____                                                                (date) |

The Defendant in Open Court was advised of his right to appeal from this Judgment by filing notice of appeal with the Clerk of Court within thirty days following the date sentence is imposed or probation is ordered pursuant to this adjudication. The Defendant was also advised of his right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.

MARC A. CIANCA          JUDGE

## FINGERPRINTS OF DEFENDANT

| Left Four Fingers Taken Simultaneously | | Left Thumb | Right Thumb | Right Four Fingers Taken Simultaneously |
|---|---|---|---|---|
| | | | | |

Fingerprints taken by

Name and Title _____

DONE AND ORDERED in Open Court at St. Lucie County, Florida, this _____ day of _____ A.D., 19____

I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of the Defendant, _____

_____ and that they were placed thereon by said Defendant in my presence in Open Court this date.

JUDGE

☐ PROBATION VIOLATOR
(Check if Applicable)

IN THE CIRCUIT COURT,
NINETEENTH JUDICIAL CIRCUIT,
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CRIMINAL DIVISION

**STATE OF FLORIDA**

CASE NUMBER ___ 88-2264-CF

—vs—

**JANET NICKERSON**
Defendant

# JUDGMENT

The Defendant, _____ JANET NICKERSON

Court represented by _____ ASST. PUBLIC DEFENDER MICHAEL McDERMOTT _____, being personally before this

_____, his attorney of record, and having:

(Check Applicable Provision)

☐ Been tried and found guilty of the following crime(s)
☐ Entered a plea of guilty to the following crime(s)
☒ Entered a plea of nolo contendere to the following crime(s)

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | CASE NUMBER |
|-------|-------|---------------------------|-----------------|-------------|
| II | POSSESSION DRUG PARAPHERNALIA | 893.13 | M1 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

and no cause having been shown why the Defendant should not be adjudicated guilty. IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s).

OR

······················

The Defendant is hereby ordered to pay the sum of twenty dollars ($20.00) pursuant to F.S. 960.20 (Crimes Compensation Trust Fund). The Defendant is further ordered to pay the sum of two dollars ($2.00) as a court cost pursuant to F.S. 943.25(4).

☐ The Defendant is ordered to pay an additional sum of two dollars ($2.00) pursuant to F.S. 943.25(8).
(This provision is optional; not applicable unless checked).

(Check if Applicable)

☐ The Defendant is further ordered to pay a fine in the sum of $_____ pursuant to F.S. 775.0835.
(This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and completed. Fines imposed as part of a sentence pursuant to F.S. 775.083 are to be recorded on the Sentence page(s)).

☒ The Court hereby imposes additional court costs in the sum of $ 50.00
or community service pursuant to P.S. 27.3455

IN THE CIRCUIT COURT for the Nineteenth Judicial Circuit of the State of Florida, for St. Lucie County of the Second Term thereof, in the year of our Lord One Thousand Nine Hundred and Eighty-nine

| | |
|---|---|
| STATE OF FLORIDA | Case No. 89-365-CF |
| vs | INFORMATION FOR: |
| JANET NICKERSON | CARRYING CONCEALED FIREARM, F.S. 790.01(2) |
| Defendant(s) | |

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

BE IT REMEMBERED that BRUCE H. COLTON, State Attorney for the Nineteenth Judicial Circuit of the State of Florida, prosecuting for the State of Florida, in St. Lucie County, under oath, information makes that JANET NICKERSON on or about January 24,1989 in the county of St. Lucie and State of Florida did then and there unlawfully, feloniously, and knowingly carry a concealed firearm, to-wit: .25 CALIBER HANDGUN, on or about his person in such a manner as to conceal such firearm from the ordinary sight of another person, in violation of Florida Statute 790.01(2);

contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida.

Sharon D. Larson
Assistant State Attorney for the
Nineteenth Judicial Circuit of
Florida, prosecuting for said State

STATE OF FLORIDA
County of St. Lucie

Personally appeared before me SUSAN M. BLAXILL-DEAL, Assistant State Attorney for the Nineteenth Judicial Circuit of the State of Florida, who being first duly sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, by the material witness(es) and which, if true, would constitute the offense(es) therein charged, and that the said Assistant State Attorney further says that this prosecution is made in good faith.

Asst State Atty, 19th Jud. Cir.
Florida Bar No. 0421803

Sworn to and subscribed before me this 18 day of May, 1989.

Notary Public

Notary Public, State of Florida
M. Commission Expires Jan. 15, 1993

**ARREST AFFIDAVIT**

COURT DOCKET NO.

2. 94-2565 CF

USE SEPARATE FORMS FOR EACH DEFENDANT AND FOR MULTIPLE OFFENSES OCCURRING AT DIFFERENT TIME, DATE OR LOCATION

BI NO.

FDLE NO.

| Fingerprinted<br>☐ Identification Only<br>☐ Criminal | By<br>☐ AFIS | ☒ CHECK | DEFENDANT NAME (LAST, FIRST, MIDDLE)<br>HODGES, SHERRY, LANNETTE | ARR. AGENCY ORI. NO. | FLO | 5 6 0 1 0 0 |
|---|---|---|---|---|---|---|

BOOKING OFFICER: 9 1
JAIL NUMBER: 94/0275
A.K.A.
OBTS NO.: 0 0 0 1 7 5 3 4 8 3 4

LOCAL CASE NO.: 94-11-0542
DATE OF BIRTH: 10/31/68
PERMANENT ADDRESS (STREET NO. STREET NAME CITY) PHONE: 1205 N. 25TH ST. FORT PIERCE
STATE: FL
ZIP CODE: 34950
CNTY: 34

SEX: F
HEIGHT: 5'7"
WEIGHT: 145
RACE: W
EYE COLOR: BLK BRN GRN MAR (UNK) BLU GRY HAZ PNK
HAIR COLOR: BAL BLN GRY RED (UNK) BLK BRO WHI SYN

SOCIAL SECURITY NUMBER: 265 91 1506
OCCUPATION OR EMPLOYER: UNEMPLOYED
DISTINGUISHING MARKS:

| ARREST DATA → | DATE 11/13/94 | MILITARY TIME 1932 | SECTOR 3C | STREET ADDRESS 27TH ST. & AVE. K | CITY FT. PIERCE | STATE FL | CNTY SL |
| OFFENSE DATA → | DATE 11/13/94 | MILITARY TIME 1858 | SECTOR 3C | STREET ADDRESS 1610 N. 25TH ST. | CITY FT. PIERCE | FL | SL |

Weapons Seized/Type: 1. Yes ☐ 2. No ☐
Residence Type: 1. City ☐ 3. Florida ☐ 2. County ☐ 4. Out-of-State ☐
Activity: N N/A P Possess
S Sell, B Buy, T Traffic, R Smuggle, D Deliver, E Use, X Dispense/ Distribute, M Manufacture/ Produce/ Cultivate, Z Other

Indication of: Alcohol Influence, Drug Influence: Y N Unk
Citizenship:
Type: N N/A A Amphetamine, B Barbituate C Cocaine E Heroin, H Hallucinogen M Marijuana O Opium/Deriv, P Paraphernalia/ Equipment S Synthetic, U Unknown Z Other

CHARGE STATUS: ☐ CAPIAS ☐ BW ☐ FW ☐ PW ☐ Juv ☐ PU ☐ Citation
CHARGE/STATUTE NO.

IF DRUGS: ACTIVITY, TYPE

| SEQ NO. | FELONY | MISD | ORD | OTHER | CHARGE | | |
|---|---|---|---|---|---|---|---|
| 1. | ☒ | | | | THROWING DEADLY MISSILES INTO DWELLING | 790.19 | N/A |
| 2. | | ☒ | | | ASSAULT (DOMESTIC) | 784.011 | N/A |
| 3. | | ☒ | | | CRIMINAL MISCHIEF | 806.13 | N/A |

CLERK COURT COPY

PRINCIPAL ARRESTING OFFICER / AGENCY (PRINT): L. NEWBERRY F.P.D.
OFFICER ID NO.: 50131
BONDSMAN / SURETY NAME:
BOND AMOUNT:

CO-DEFENDANT'S (LAST NAME, FIRST, MIDDLE)

VICTIM'S NAME: HERBERT MOORE

SUMMARY OF OFFENSES AND PROBABLE CAUSE AFFIDAVIT:

**PROBABLE CAUSE**

The above named defendant was arrested for the following reasons:

OFFICER RESPONDED TO 1610 NORTH 25TH ST. REFERENCE WOMEN BREAKING & THROWING BOTTLES. THE VICTIM STATED TO THIS OFFICER THAT HIS SON'S MOTHER, THE DEFENDANT, CAME TO HIS RESIDENCE ON THE PRETEXT OF GETTING SOME FOOD. INSIDE THE RESIDENCE THE DEF. GOT ANGRY AND STARTED BREAKING BOTTLE OF WINE AND BBQ SAUCE ON THE FLOOR. THE DEF. TOOK THE CHILD (SON) FROM THE RESIDENCE WITHOUT THE PERMISSION OF THE FATHER/VICTIM. THE DEFENDANT THEN THREW A PIECE OF CEMENT BLOCK THRU THE FRONT WINDOW, CAUSING DAMAGES TO THE WINDOW AND A WALL. THE VICTIM'S WIFE WAS INSIDE THE RESIDENCE. THE DEF. REPORTEDLY TOLD THE VICTIM'S WIFE, "YOU BETTER NOT SLEEP IN THERE TONIGHT, TIM GONNA BURN THIS BITCH DOWN." THE DEFENDANT LEFT THE AREA WITH THE CHILD AND WAS LOCATED BY OFF. T. CAMPBELL AT 27TH ST. & AVE. K. THIS WRITER WENT THERE AND ADVISED THE DEF. OF HER ARREST. DEFENDANT WAS TRANSPORTED TO COUNTY JAIL.

**Assigned To Judge Schack**

The preceding is true to the best of my present knowledge or belief.

Signature

Sworn & Subscribed before me this 13TH day of Nov

Exhibit C

FILED IN OPEN COURT THIS THE

7th DAY OF Feb 19 95

JoANNE HOLMAN. CLERK

BY: Linda Allen
D. C.

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT IN
AND FOR ST. LUCIE COUNTY STATE
OF FLORIDA .

CASE NO. 94-2565 CF

STATE OF FLORIDA

vs.

Sherry L. Hodges

Defendant

## PETITION TO ENTER PLEA OF GUILTY/NO CONTEST/ADMISSION

I, _____, the Defendant in this case, wish
to enter a plea of GUILTY/NO CONTEST/ADMISSION. I declare that:

1. I am __26__ years old.

2. I have completed the __12__ grade in school.

( ✓ ) I can read, write and understand the English language, and
have read this plea agreement and fully understand it.

( ) I cannot read, however, the plea agreement has been fully
read and explained to me, and I have signed it with full understanding.

( ) I cannot read or understand the English language, however,
an interpreter speaking my language has fully read and explained the plea
agreement to me, and I signed it after it was read and explained to me, with
full understanding.

3. I am represented by an attorney whose name is _Gary Little_

4. I specifically state:

( ✓ ) I have never been found to be insane or incompetent, or
committed to a mental institution as mentally ill or incompetent, and have
never been a patient in any hospital for mental illness.

( ) I was previously found to be insane or incompetent or was
a mental patient. I am now competent and in possession of all my faculties.
Explain: _____.

1 Def.'s initials ⌐H

STATE OF FLORIDA      In The Circuit Court c.

VS      SAINT LUCIE County, Florida

**SHERRY LANNETTE HODGES**      Case No. **94-2565-CF**
Defendant      DOC # 467406

This cause coming on this day to be heard before me, and you, the defendant **SHERRY LANNETTE HODGES AND IN THE PRESENCE OF YOUR ATTORNEY** being now present before me, and you having:

     entered a plea of guilty to
__X__ entered a plea of nolo contendere to
     been found guilty by jury verdict of
     been found guilty by the court trying the case without a jury of the offense(s) of

I: Shooting a Deadly Missile
II: Criminal Mischief, $200 or Less

## SECTION 1: Judgement of Guilt

     The Court hereby adjudges you to be guilty of the above offense(s).

Now therefore, it is ordered and adjudged that the imposition of sentence is hereby withheld, and that you are hereby placed on probation for a period of _____

     under the supervision of the Department of Corrections and its Officers, such supervision to be subject to Florida Law.

## SECTION 2: Order Withholding Adjudication

__X__ Now, therefore, it is ordered and adjudged that the adjudication of guilty is hereby withheld and that you be placed on probation for a period of Ct I : 2 Yrs. ✗ under the supervision of the Department of Corrections and its Officers, such supervision to be subject Florida Law.✗ Ct II : Adj Guilty, 60 days County Jf w/ Credit time Se

## SECTION 3: Probation During Portion of Sentence

It is hereby ordered and adjudged that you be
     Committed to the Department of Corrections

     Confined in the County Jail

for a term of _____ with credit for _____ jail time. After you
have served _____ of the term you shall be placed on probation for a period
of _____ under the supervision of the Department of Corrections, subject to Florida
law.

Page 1 of 6

No. 74-2565C.F

# COMMITMENT TO COUNTY JAIL

IN THE COUNTY JAIL OF ST. LUCIE COUNTY, FLORIDA

STATE OF FLORIDA

vs.

Sherry D. Hodges

_____ Term, 19 95

Sentenced _____ March 13, 1995

INFORMATION FOR

Ct-1 Grand Theft 3rd degree

Ct 2 Uttering a Forged $700.00 check

Sentence: 60 days

Sherry D. Hodges

It is considered by the court that you Sherry D. Hodges

do pay a fine of $ _____ and including costs of this prosecution and in default thereof you be taken by the Sheriff, or his lawful Deputy, to the County Jail of St. Lucie County, Florida, and be delivered to the keeper thereof, and there be confined in the said County Jail of said County, at hard labor for the period of Six Sixty (60) days as as no days

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the Circuit Court of said County, this the 13 day of March _____, 19 95

JOANNE HOLMAN
CLERK OF COURT
Clerk of the Circuit Court

By _____ Deputy Clerk

TORM 1743 - PRINTING BY MEANS

☐ Probation Violator

☐ Community Control Violator

☐ Retrial

☐ Resentence

IN THE CIRCUIT COURT,
NINETEENTH JUDICIAL CIRCUIT,
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CRIMINAL DIVISION

CASE NUMBER _R1-2565CF_

STATE OF FLORIDA

vs.

_Sherrey D. Hodges_
Defendant

## JUDGMENT

The Defendant, _Sherrey D. Hodges_, being personally before this Court
represented by _Asst. Public Defender Roey Little_, the attorney of record, and the State
represented by _Kathryn Nelson_, and having:

☐ been tried and found guilty by ☐ Jury / ☐ Court of the following crime(s)

☐ entered a plea of guilty to the following crime(s)

☒ entered a plea of nolo contendere to the following crime(s)

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | OBTS NUMBER |
|-------|-------|---------------------------|-----------------|-------------|
| II | Criminal Mischief | 806.13(1)(B)(1) | m2 | 7534834 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

☒ and no cause being shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s).

☐ and pursuant to section 943.325, Florida Statutes, having been convicted of attempts or offenses relating to sexual battery (ch. 794) or lewd and lascivious conduct (ch. 800) the Defendant shall be required to submit blood specimens.

☐ and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.           Circuit Ct. Min.

...y Adjudged Guilty

...ity Control, Previously

...ity

...ended

Case Number _94 356SCF_

OBTS Number _7534834_

Defendant _Sherry D. Hodges_

## SENTENCE

(As to Count ___II___)

The Defendant being personally before this Court, accompanied by the Defendant's attorney of record _Mark Fuller_, _Deputy Cory Little_, and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the Defendant should not be sentenced as provided by law, and no cause being shown

(Check one if applicable.)

☐ and the Court having on _____ (date) deferred imposition of sentence until this date.

☐ and the Court having previously entered a judgment in this case on _____ (date) now resentences the Defendant

☐ and the Court having placed the Defendant on Probation/Community Control and having subsequently revoked the Defendant's Probation/Community Control.

### It Is The Sentence Of The Court that:

☐ The Defendant pay a fine of $ _____, pursuant to section 775.083, Florida Statutes, plus $ _____ as the 5% surcharge required by section 960.25, Florida Statutes.

☐ The Defendant pay to the Drug Trust Fund, a fine of $ _____, plus $ _____ as the 5% surcharge required by F.S. 893.16 and 893.165.

☐ The Defendant is hereby committed to the custody of the Department of Corrections.

☒ The Defendant is hereby committed to the custody of the Sheriff of ☒ St. Lucie ☐ _____ County, Florida.

☐ The Defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

### To Be Imprisoned (Check one; unmarked sections are inapplicable.):

☐ For a term of Natural Life.

☐ For a term of Natural Life with a 25 year mandatory minimum.

☒ For a term of _Sixty (60) days_.

☐ Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in this Order.

If "split" sentence, complete the appropriate paragraph.

☐ Followed by a period of _____ on Probation/Community Control under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in a separate order entered herein.

☐ However, after serving a period of _____ imprisonment in _____, the balance of the sentence shall be suspended and the Defendant shall be placed on Probation/Community Control for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of Probation/Community Control set forth in a separate order entered herein.

In the event the Defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the Defendant begins service of the supervision terms.

☐ Violation of Probation, Previously Adjudged Guilty

☐ Violation of Community Control, Previously
   Adjudged Guilty                                          Case Number __94-2565-CF__

☐ Amended                                                   OBTS Number _____

Defendant _Sheeey Lannette Hodges_

## SENTENCE

(As to Count _____ I _____ )

The Defendant, being personally before this Court, accompanied by the Defendant's attorney of record, _ASSISTANT_
_Public Defender Jeff Smith_, and having been adjudicated guilty herein, and the Court
having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the
Defendant should not be sentenced as provided by law, and no cause being shown

*(Check one*         ☐  and the Court having on _____ deferred imposition of sentence until this date.
*if applicable.)*                                      (date)

                     ☐  and the Court having previously entered a judgment in this case on _____ now
                        resentences the Defendant.                                              (date)

                     ☐  and the Court having placed the Defendant on Probation/Community Control and having subsequently
                        revoked the Defendant's Probation/Community Control.

### It Is The Sentence Of The Court that:

☐  The Defendant pay a fine of $ _____ , pursuant to section 775.083, Florida Statutes, plus $ _____
   as the 5% surcharge required by section 960.25, Florida Statutes.

☐  The Defendant pay to the Drug Trust Fund, a fine of $ _____ , plus $ _____ as the 5% surcharge
   required by F.S. 893.16 and 893.165.

☐  The Defendant is hereby committed to the custody of the Department of Corrections.

☒  The Defendant is hereby committed to the custody of the Sheriff of  ☒ St. Lucie  ☐ _____ County, Florida.

☐  The Defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

### To Be Imprisoned (Check one; unmarked sections are inapplicable.):

☐  For a term of Natural Life.

☐  For a term of Natural Life with a 25 year mandatory minimum.

☒  For a term of _one (1) Year_ .

☐  Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in this Order.

*If "split" sentence,*   ☐  Followed by a period of _____ on Probation/Community Control under
*complete the appropriate*    the supervision of the Department of Corrections according to the terms and conditions of supervision
*paragraph.*                  set forth in a separate order entered herein.

                         ☐  However, after serving a period of _____ imprisonment in
                            _____ , the balance of the sentence shall be suspended and the Defendant shall
                            be placed on Probation/Community Control for a period of _____ under
                            supervision of the Department of Corrections according to the terms and conditions of Probation/Community
                            Control set forth in a separate order entered herein.

In the event the Defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the Defendant
begins service of the supervision terms.

Circuit Ct. Min.

**1**

☑ Probation Violator

☐ Community Control Violator

☐ Retrial

☐ Resentence

IN THE CIRCUIT COURT,
NINETEENTH JUDICIAL CIRCUIT,
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CRIMINAL DIVISION

CASE NUMBER  _94-2585-CF_

STATE OF FLORIDA

vs.

_Sheecy Lanette Hodges_
Defendant

## JUDGMENT

The Defendant, _Sheecy Lanette Hodges_, being personally before this Court represented by _Assistant Public Defender Jeff Smith_, the attorney of record, and the State represented by _Assistant State Attorney Linda Craft_, and having:

☐ been tried and found guilty by ☐ Jury / ☐ Court of the following crime(s)

☐ entered a plea of guilty to the following crime(s)

☑ entered a plea of nolo contendere to the following crime(s)

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | OBTS NUMBER |
|---|---|---|---|---|
| I | Shooting Deadly Missle | 790.19 | F2 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

☑ and no cause being shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s).

☐ and pursuant to section 943.325, Florida Statutes, having been convicted of attempt or offense relati...